IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-14-D

BRAD R. JOHNSON, )
)
                Plaintiff, )
)
v. ) **ORDER**
)
REBECCA ALLEN, et al., )
)
                Defendants. )

On September 7, 2018, the court granted defendants' motions to dismiss Brad R. Johnson's ("Johnson" or "plaintiff") first amended complaint [D.E. 77, 78]. Defendants moved for attorneys' fees [D.E. 79, 88, 92] and filed memoranda in support [D.E. 80, 91, 93]. Johnson responded in opposition [D.E. 96, 109, 111]. Defendants moved to strike Johnson's responses [D.E. 102, 116–17], and Hodges and Simmons replied [D.E. 119].

On October 5, 2018, Johnson moved to alter and amend the court's judgment [D.E. 89] and filed a memorandum in support [D.E. 90]. Defendants responded in opposition [D.E. 95, 104] and moved to strike Johnson's memorandum in support [D.E. 101]. Johnson replied [D.E. 105, 110, 112], and defendants moved to strike one of Johnson's replies [D.E. 115]. As explained below, the court denies defendants' motions for attorneys' fees, denies Johnson's motion to alter and amend the judgment, and grants defendants' motions to strike.

I.

Defendants seek an award of attorneys' fees pursuant to 42 U.S.C. § 1988 and the court's inherent powers [D.E. 79, 88, 92]. "Section 1988(b) confers discretion on courts to award attorneys

fees to the prevailing party in an action brought under, inter alia, 42 U.S.C. § 1983." DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quotation omitted); Lefemine v. Wideman, 758 F.3d 551, 555 (4th Cir. 2014). "A much stricter standard applies, however, when a court is requested to make such an award to a prevailing defendant." Unus v. Kane, 565 F.3d 103, 127 (4th Cir. 2009). For a prevailing defendant to recover its attorneys' fees under section 1988, "the plaintiff's claims must have been either frivolous, unreasonable, or groundless, or the plaintiff must have continued to litigate after the claim became so." Id. (quotations and alteration omitted); see Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam); DeBauche, 191 F.3d at 510. The Fourth Circuit has recognized that "awarding attorneys' fees to a prevailing defendant is a conservative tool, to be used sparingly in those cases in which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable." Equal Emp't Opportunity Comm'n v. Great Steaks, Inc., 667 F.3d 510, 517 (4th Cir. 2012) (alteration and quotation omitted); see Arnold v. Burger King Corp., 719 F.2d 63, 65 (4th Cir. 1983).

The record does not support awarding attorneys' fees to defendants. Accordingly, the court denies defendants' motions for attorneys' fees.

As for defendants' motions to strike various memoranda that Johnson filed, Local Civil Rule 7.2(f) governs page limits for memoranda, and Local Civil Rule 10.1 governs the forms of memoranda. See Local Civ. R. 7.2(f), 10.1. Johnson's memoranda far exceed the authorized page limits, and Johnson disregards Local Civil Rule 10.1. See [D.E. 90, 96, 109–11]. Accordingly, the court grants defendants' motions to strike.

2

On October 5, 2018, Johnson moved to amend or alter the court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [D.E. 89]. "A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quotation omitted); see Fed. R. Civ. P. 59(e); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Johnson's motion lacks merit and is denied.

## II.

In sum, the court DENIES defendants' motions for attorneys' fees [D.E. 79, 88, 92], DENIES Johnson's motion to alter or amend the judgment [D.E. 89], and GRANTS defendants' motions to strike [D.E. 101–02, 115–17].

SO ORDERED. This 25 day of April 2019.

JAMES C. DEVER III
United States District Judge